### DAUGHERTY v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 160, September Term, 1963.]

*Decided July 28, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

664

PRESCOTT, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the Criminal Court of Baltimore dated February 2, 1963, finding the applicant to be a defective delinquent as defined in Section 5 of Article 31B of the Annotated Code of Maryland (1957 Edition).

On June 21, 1961, the applicant was sentenced to two years in the Maryland House of Correction, the term to begin April 22, 1961, and was referred to Patuxent Institution for observation and examination. The applicant was found guilty of the crime of assault by placing his hands on his twelve-year old daughter. The applicant's past criminal record indicates a series of assault and disorderly conduct cases going back to 1945.

On February 2, 1963, after a hearing at which the applicant was represented by counsel, the applicant was found to be a defective delinquent and was committed to the Patuxent Institution subject to the further order of the court by Judge Joseph R. Byrnes. From this order, the applicant has filed this application for leave to appeal.

The applicant in his very lengthy petition alleges the following grounds for relief:

1. As a result of his not having been tried for defective delinquency before the expiration of his original sentence, if good time and industrial credits be subtracted therefrom, applicant was denied due process of law and was subjected to inhumane punishment and double jeopardy. This allegation was rejected in *Bullock v. Director*, 231 Md. 629; *Roberts v. Director*, 226 Md. 643; and *Marshall v. Director*, 215 Md. 622.

2. References to prior conviction as a basis for his commitment to Patuxent Institution constitutes an *ex post facto* law violation. This ground was rejected in *Bullock v. Director, supra; Height v. State,* 225 Md. 251; *Blizzard v. State,* 218 Md. 384, 390.

3. "Laxity and incertitude" (incompetency), of counsel at the trial at which the applicant was found to be a defective delinquent. This Court will not grant relief for actions of trial counsel which merely amount to matters of trial tactics. It is only where the incompetence of counsel renders the proceed-

ing before the court a "farce" that relief on this ground is given, even in criminal proceedings.

4. Applicant's lawyer failed to make a thorough investigation of petitioner's past history. This charge is not reviewable, unless it could be shown as coming within the scope of 3 above. No such showing is attempted by applicant.

5. Applicant's attorney failed to note that his sentence had expired prior to his trial for defective delinquency. (See allegation No. 1 above.)

6. Medical reports and psychological examination reports were more than six months' old at the time of the applicant's trial. This contention was held in *Palmer v. State,* 215 Md. 142, not to warrant relief in a proceeding of this nature.

7. The applicant makes several objections to the use of data prepared by the Patuxent authorities (see *Palmer v. State, supra*).

8. Applicant makes completely unsupported allegations of bias on the part of the court.

9. Applicant seeks review of the denial of his petition for writ of habeas corpus filed in another proceeding. There is no appeal from the denial of a petition for a writ of habeas corpus. It is, therefore, certainly not reviewable in this defective delinquency proceeding.

10. Applicant here contends again that Article 31B applies exclusively to persons whose sentences have not expired prior to commitment to the Patuxent Institution. The court retains jurisdiction to try the issue of defective delinquency even though technically the applicant's sentence may have expired prior to the trial where the original commitment was made by the court prior to the expiration of the sentence. (See contention (1) above.)

11. Applicant here makes an ambiguous contention stating, *inter alia,* that the "examining psychiatrist sent by, court or the lawyer, also the lawyer, they both were not of the then Defendant, Petitioner, now appellant's choice * * *." He was represented by a court-appointed publicly-paid attorney. He was not entitled to select his own counsel under these circumstances. *Murray v. Director,* 228 Md. 658. The statute permits him to select a psychiatrist of his own choosing to examine him at

public expense. Apparently, his lawyer selected a psychiatrist to make such an examination. He does not allege that he made any objection to the selection thus made, or that he was in any manner prejudiced thereby. We, therefore, conclude that this contention is without merit. Compare *Murray v. Director, supra.*

12. Again applicant refers to the expiration of the original sentence which has been adequately covered in Nos. 1 and 10 above.

13. Applicant alleges that Section 688, Article 27, concerning industrial time and good behavior, was ignored by the court. See No. 1 above.

14. Applicant here alleges, "Section 6 (a) of Article 31B specifies a request for examination only." This allegation fails to state any ground for review.

15. Again he alleges "Section 6 (c) of Article 31B pertains to persons whose sentence has not expired." (See No. 1 above.)

16. The trial for defective delinquency should have been postponed pending the decision of two other courts wherein the applicant had filed petitions for writs of habeas corpus. There is no indication that a request for postponement was made, and in any event, it was a matter in the sound discretion of the trial court, whose ruling thereon we will not disturb in the absence of a clear showing of abuse of that discretion. The decision in the defective delinquency hearing rendered the petitioner's applications for writs of habeas corpus moot.

*Application denied.*