## WASHINGTON *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 71, September Term, 1965.]

*Decided October 21, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, OPPEN-HEIMER and BARNES, JJ.

PER CURIAM.

In this application for leave to appeal from an order of the lower court committing Lawrence Washington, Jr., to Patuxent Institution after the determination by a jury that he was a defective delinquent within the meaning of § 5 of Article 31B of the Code of 1957 as amended, it is contended (1) that there was no legally sufficient evidence to support the finding of defective delinquency and (2) that there is no statutory guide by which the court could instruct the jury as to the meaning of "intellectual deficiency."

The applicant, having been convicted of armed robbery, was sentenced to not more than five years in the Institution for Men accounting from December 17, 1963. At the defective delinquency hearing on May 26, 1965 (which had been postponed several times because of changes in counsel appointed for the applicant and the unavailability of a jury at other times), the Patuxent staff report made in September of 1964, as well as the report of the psychiatrist he had requested to examine him made in May of 1965, both of which reports indicated the need of the applicant for treatment and rehabilitation, were introduced in evidence.

The first contention, based on the claim that the tests given him by members of the staff and reported approximately eight months before the hearing were not conclusive as to the condi-

tion of the applicant at the time of the hearing, is not only without merit, but ignores the fact that the report of his own psychiatrist made only a few days before the hearing, confirmed the staff report with respect to the psychiatric condition of the patient on the later date. Even if it is assumed that the lapse of time was unreasonable, the confirmation of the earlier report by the later one makes it clear that the patient was not prejudiced. See *Daugherty v. Director,* 235 Md. 662, where it was said that a lapse of six months was not a ground for relief in that defective delinquent proceeding.

The second contention, based on the claim that there is no standard for ascertaining "intellectual deficiency," was answered by the decision of this Court in *Director v. Daniels,* 243 Md. 16. Therein it was found that there was a sufficient guide in the statutory definition of a defective delinquent for finding whether or not a patient has an "intellectual deficiency." See pp. 53-54 of 235 Md., particularly paragraph "(2)" on p. 54.

*Application denied.*