## WILMER v. WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 5, September Term, 1966.]

*Decided November 21, 1966.*

Before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of the Circuit Court for Queen Anne's County, denying relief sought under the Uniform Post Conviction Procedure Act. Petitioner has previously sought post conviction relief which was denied by Judge Rasin in the Circuit Court for Queen Anne's County on October 23, 1963. Chief Judge Carter denied relief

to the petitioner in the present proceeding on March 7, 1966. For the reasons stated by Judge Carter in his opinion and for the further reasons stated below, leave to appeal will not be granted.

A number of petitioner's contentions are predicated upon an alleged illegal arrest. Judge Carter notes in his opinion that the question of illegal arrest was found to be without merit in the previous post conviction hearing and therefore would not be considered by him. An examination of Judge Rasin's opinion in the prior proceeding reveals that the merits of the illegal arrest allegations actually were not considered, on the ground that questions of illegal arrest were not proper for consideration in a post conviction hearing. It is now clear, in the light of subsequent decisions, that allegations of illegal arrest can be considered in a hearing for post conviction relief if an alleged confession or other evidence was secured as a result thereof. *Austin v. Director*, 237 Md. 314, 206 A. 2d 145 (1965). However, petitioner has made no allegations, either in the previous post conviction proceeding or in the present one, that the alleged illegal arrest resulted in a confession or in the seizure of evidence; all of his allegations concerning illegal arrest are merely bald assertions as to the nature of the arrest without factual or legal support and without any showing as to the prejudicial consequences thereof. Such bald assertions afford no grounds for relief. *Wilkins v. State*, 237 Md. 617, 205 A. 2d 593 (1964). See also *Jackson v. Warden*, 242 Md. 725, 219 A. 2d 841 (1966) ; *Austin v. Director, supra.*

At the hearing below, petitioner also alleged in support of his application that the judge before whom he was convicted of robbery on May 7, 1963, was required as a qualification of office to affirm a belief in God and therefore that, under the holding of this Court in *Schowgurow v. State*, 240 Md. 121, 213 A.2d 475 (1965), his conviction was unconstitutional. This contention was considered and found to be without merit in *Breeding v. Warden*, 244 Md. 716, 224 A. 2d 105 (1966).

*Application denied.*