## BREEDING *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 1, September Term, 1966.]

*Decided November 21, 1966.*

Before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

Clayton E. Breeding seeks leave to appeal from an order of the Circuit Court of Caroline County, George B. Rasin, Jr., Judge, denying relief sought under the Uniform Post Conviction Procedure Act. Some of the contentions made by the petitioner at the hearing below were considered and rejected by this Court in an earlier appeal of his conviction of first degree murder. *Breeding v. State,* 220 Md. 193, 151 A. 2d 743 (1959). Petitioner's additional contentions were exhaustively reviewed in the hearing below and, for the reasons well stated by Judge Rasin, are deemed without merit.

The grounds for the rejection of one of petitioner's contentions—that his conviction was unconstitutional because the three judges before whom he was tried without a jury were required, as a qualification of office, to affirm a belief in the existence of God—require some amplification. In a recent federal decision, *Ralph v. Brough,* 248 F. Supp. 334 (D. Md. 1965), Chief Judge Thomsen, applying Maryland law, held in a strong and well considered opinion that Ralph's conviction by a three judge panel in the Circuit Court for Montgomery County was not unconstitutional under the holding of this Court in *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475 (1965), because the judges had affirmed a belief in God as a qualification for office. See also Judge Marbury's opinion, for the Court, in *White v. State,* 244 Md. 188, 223 A. 2d 259 (1966). However, we do not reach this issue in the present case.

Petitioner's conviction became final many years before *Schowgurow* was decided. Whether or not his contention of unconstitutionality is deemed meritorious, to rest a decision on it would be to apply the *Schowgurow* holding retroactively. In *Schowgurow,* this Court held in effect that any rule invalidating convictions on the basis of the unconstitutionality of Article 37 of the Maryland Declaration of Rights should not be applied retroactively. The Court made the prospective operation of the rule enunciated therein explicit when it stated that the decision applied only to convictions "which have not become final before rendition of this opinion." (240 Md. at 132). The *Schowgurow* rationale of prospective operation, *i.e.,* that the objection "does not go to the fairness of the conduct of the trial" (240 Md. at 134), is entirely applicable to this case. See also *Johnson v. New Jersey,* 384 U. S. 719 (1966) ; *Linkletter v. Walker,* 381 U. S. 618 (1965).

*Application denied.*