## WILLIS C. GULLION *v.* WARDEN, MARYLAND PENITENTIARY

[No. 56, September Term, 1967.]

*Decided February 28, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order filed on May 12, 1967, by Judge John E. Raine, Jr., presiding in the Circuit Court for Harford County, denying relief sought under the Uniform Post Conviction Procedure Act.

Applicant set forth five grounds for relief in his original petition:

(1) He was denied the assistance of counsel at the time his confession was made.

(2) The admission of the confession against him violated the Fifth Amendment.

(3) His counsel was incompetent.

(4) The evidence at his trial was insufficient to support the verdict.

(5) His indictment and trial were unconstitutional under the rationale of *Schowgurow v. State,* 240 Md. 121.

(1)

The case of *Escobedo v. Illinois,* 378 U. S. 478 (1964) is not to be applied retroactively. *Johnson v. New Jersey,* 384 U. S. 719, (1966); *Johnson v. Warden,* 244 Md. 695. Since applicant's conviction became final in 1960, long before the *Escobedo* decision, this will afford him no relief.

(2)

A voluntary confession may properly be admitted into evidence as it violates no constitutional rights. *Thompson v. Warden,* 233 Md. 643; *Ferrell v. Warden,* 241 Md. 432. The lower court found that the confession involved here was freely given without any compulsion, and we affirm this finding.

(3)

The contention that applicant's trial counsel was incompetent was the principal contention advanced at the hearing and is the

principal contention urged in the application for leave to appeal. In a thorough eight page application, the applicant's attorneys set forth numerous points of error that they claim trial counsel committed during the trial. On the basis of this they urge that the entire record shows that applicant's trial representation was poorly prepared and so inadequate as to deny the applicant due process of law.

The lower court delved thoroughly into the trial transcript and discussed the various allegations of error. It summarized its decision as:

> "I conclude that the defense of this case may have been inept, uninspired, and it might not be speaking too harshly of the dead to say that in this Court's opinion it was professionally inferior and it may well be that that stems from insufficient preparation. However, looking at the whole case I am not prepared to state that the representation by these two very well-known lawyers here in their home county was so inadequate as to amount to a denial of the constitutional right to counsel. I believe that there may have been errors in their defense, but, the test laid down by the Federal Court in the *Smallwood* case, and I had no direct citation for that before me, the test having been restated in several cases at 235 Maryland 662, 236 Maryland at 637 is that, was the representation so inadequate that the trial was a farce, and I do not believe that this trial was farcical."

In *Slater v. Warden,* 241 Md. 668, the Maryland Court of Appeals held that "a finding of fact on all questions dealing with competency of counsel properly presented in a petition for post conviction relief, is required." The Court in stating that "the Maryland case law has been broadened," saw the federal test as being whether "under all the circumstances of the particular case has the petitioner been afforded a genuine and effective representation," as laid down in the cases of *Turner v. State,* 303 F. 2d 507 (4th Cir. 1962) and *Turner v. State,* 318 F. 2d 852 (4th Cir. 1963). This is the test now followed in this State and the so-called "farcical test" has been discarded. See *Jones*

*v. Warden,* 244 Md. 720; *Nash v. Warden,* 243 Md. 700; *Pressley v. Warden,* 242 Md. 405; *Groh v. Warden,* 1 Md. App. 674; *Charles v. State,* 1 Md. App. 222; *Norris v. Warden,* 1 Md. App. 69; *Cherrix v. Warden,* 1 Md. App. 65.

When applying the standard of "genuine and effective representation" to the case at hand, we cannot say, as the lower court could not under the standard of farce, that counsel "was so inadequate as to amount to a denial of the constitutional right to counsel." As the lower court stated, many of the errors claimed can be explained on the basis of trial tactics. These are not a grounds for relief. *Tucker v. Warden,* 243 Md. 331; *Walls v. Warden,* 242 Md. 401; *Slater v. Warden,* 241 Md. 668; *McCoy v. Warden,* 1 Md. App. 108; *Norris v. Warden,* 1 Md. App. 69. Thus we find the contention to be without merit.

(4)

Sufficiency of the evidence is not a proper subject for relief under the Uniform Post Conviction Procedure Act. *Johnson v. Director,* 243 Md. 708; *Nixon v. Director,* 1 Md. App. 14; *Ross v. Warden,* 1 Md. App. 46. This should have been raised on direct appeal.

(5)

The decision in *Schowgurow v. State,* 240 Md. 121 (1965) is not to be applied retroactively to cases that have become final before that decision. Since applicant's conviction became final in 1960, this will afford him no relief. *Young v. Warden,* 245 Md. 76; *Ross v. Warden, supra.*

*Application denied.*