LEON KEELING, JR. *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 185, September Term, 1967.]

*Decided September 19, 1968.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

Leon Keeling, Jr. was convicted on June 20, 1962 by Judge Shirley B. Jones, sitting in the Criminal Court of Baltimore, of robbery and was sentenced to five years in the Maryland State Reformatory for Males. On September 17, 1963, Judge Jones, at the request of the Department of Correction, ordered

Keeling to be transferred to Patuxent Institution to determine whether he was a defective delinquent pursuant to the provisions of Art. 31B, § 5, Md. Code (1967 Repl. Vol.). After a full evidentiary hearing before Judge Michael J. Manley, sitting with a jury, he was found to be a defective delinquent and was ordered by Judge Manley to be committed to Patuxent in accordance to Art. 31B of the Code. On November 22, 1967, it was redetermined that he was a defective delinquent in a trial before Judge Joseph L. Carter, sitting without a jury. It is from this redetermination that he requests leave to appeal.

Keeling contends that he did not receive a fair redetermination hearing in that:

(a) the judge who presided at the redetermination hearing was biased.

(b) Dr. Boslow was biased.

(c) his trial counsel was incompetent.

All of the reasons that the applicant assigns are without merit.

The first reason cited is a bald statement without any showing how the judge was not impartial or how the applicant was in any way prejudiced. Bald assertions afford no grounds for relief. *Wilmer v. Warden,* 244 Md. 718, 224 A. 2d 106, *Curnyn v. Warden,* 1 Md. App. 450, 230 A. 2d 685.

The second reason advanced by the applicant is also a bald statement affording no grounds for relief.

The last reason advanced by the applicant is in regards to incompetency of counsel at the redetermination hearing on the grounds that he failed to discuss with the applicant his choice of an independent psychiatrist; failed to notify him of any report rendered by the independent psychiatrist or the contents of that report; and failed to present any defense on behalf of the applicant. The statute permits him to select a psychiatrist of his own choosing to examine him at public expense. Apparently his lawyer selected a psychiatrist to make such an examination. He does not allege that he made any objection to the selection thus made, or that he was in any manner prejudiced thereby as required by *Daugherty v. Director,* 235 Md. 662, 202 A. 2d 593. The standard now used to determine competency of counsel is whether the petitioner has been afforded genuine and effective representation, *Green v. Warden,* 3 Md.

App. 266, 238 A. 2d 920, *Gullion v. Warden,* 3 Md. App. 263, 239 A. 2d 140. Neither the allegations nor the record before us discloses any indication that petitioner was not afforded such representation at the redetermination hearing. In all probability the reason that the applicant's counsel did not summon Dr. Lerner, a psychiatrist selected by the applicant's court-appointed attorney to examine him, was that Dr. Lerner stated in his report "At the present time he fits the description of a Defective Delinquent in accordance with the Maryland State law quite well."

*Application denied.*