## CHARLES M. KNOTT *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 140, September Term, 1968.]

*Decided August 6, 1969.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*E. Newton Steely, Jr.,* for applicant.

*Francis B. Burch, Attorney General,* and *Robert S. Rothenhoefer, State's Attorney for Frederick County,* for respondent.

PER CURIAM.

On December 18, 1968, the applicant Charles M. Knott was adjudicated a defective delinquent within the meaning of the Maryland Defective Delinquent Act in the Circuit Court for Frederick County, Judge Patrick M. Schnauffer sitting without a jury. Following his commitment to Patuxent Institution, he expressed his desire to file an application for leave to appeal from Judge Schnauffer's determination, stating in a letter to this court, dated December 29, 1968, that he felt his attorney was incompetent. He alleged that there were "charges brought up in court that [he] was never convicted of" and that his attorney "wouldn't say a thing in [his] defense." Subsequently, his court-appointed counsel filed a supplemental application for leave to appeal, stating therein that applicant's counsel at the defective delinquency hearing was incompetent for failure to object to the introduction in evidence of "certain criminal charges and convictions for which he, * * * had never been convicted." Counsel also urged on applicant's behalf that the defective delinquency hearing was unfair and improper because the psychiatrist testifying on behalf of the State made reference to applicant's record of arrests and criminal convictions; and that applicant was being held at Patuxent "because of a drinking problem," in violation of his constitutional right to be free of cruel and unusual punishment.

We see no merit in any of these contentions with the possible exception of that relating to the competency of counsel representing the applicant at his defective delinquency hearing. The applicant is, of course, entitled to competent counsel at such a hearing, *viz.,* to counsel who would afford him genuine and effective representation.

*Keeling v. Director,* 5 Md. App. 123. As it appears clear that the record of the proceedings at the defective delinquency hearing will not on its face disclose whether the applicant's record of arrests and prior convictions was misrepresented by the State, and whether his counsel knowingly refused to make objection thereto, we are not in a position to determine the merits of the applicant's contention. We, therefore, deny his application for leave to appeal without prejudice to the filing by the applicant of a habeas corpus petition in the appropriate court to determine the question whether, in light of the alleged incompetency of his counsel in the cited particulars, he is being unconstitutionally incarcerated at Patuxent Institution, and should be afforded another hearing to determine whether he is a defective delinquent under Article 31B of the Maryland Code.

*Application denied.*