JAMES E. M. CARTER *v.* DIRECTOR,
PATUXENT INSTITUTION

[App. No. 22, September Term, 1970.]

*Decided September 30, 1970.*

248

Before MURPHY, C.J., and ORTH and THOMPSON, JJ.

*John D. Hackett* for applicant.

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for respondent.

PER CURIAM.

James E. M. Carter, the applicant, applies for leave to appeal from an order of February 6, 1970, by Judge James K. Cullen, sitting with a jury, in the Criminal Court of Baltimore determining applicant to be a defective delinquent as defined in Md. Code, Art. 31B § 5. Applicant was originally convicted in the Criminal Court of Baltimore on May 4, 1961, of two indictments for armed robbery, before Judge Cullen sitting without a jury, and two consecutive five year sentences were imposed. On June 11, 1963, applicant was transferred from the Department of Correction to the custody of the Director of Patuxent Institution for examination to determine whether or not he was a defective delinquent. Between 1963 and December 10, 1969, the trial of applicant was postponed three times at the request of the defense. Also during that time period, applicant was frequently and extensively in Clifton T. Perkins State Hospital. On December 10, 1969, applicant pleaded he was not a defective delinquent and a jury trial was held before Judge Cullen; interval notes from the staff at Patuxent Institution concluding applicant was still a defective delinquent were filed. A mistrial was ordered by Judge Cullen when the jury could not reach a verdict. On February 5, 1970, applicant again pleaded he was not a defective delinquent and prayed a jury trial before Judge Cullen. Interval notes from Patuxent Institution were again filed, again concluding that applicant

was still a defective delinquent. On February 6, 1970, the jury found that applicant was a defective delinquent and an order was filed by Judge Cullen committing the applicant to the Patuxent Institution as a defective delinquent. Application for leave to appeal was properly filed and counsel appointed to represent the applicant.

Applicant raises a total of five contentions, contending: (1) the hearing determining him to be a defective delinquent was unconstitutional; (2) his counsel was incompetent; (3) he, a pauper, should have received a transcript of his proceedings; (4) the same judge that presided at his armed robbery trial should not preside at his defective delinquency hearing; and (5) he should not be retained in custody after the expiration of his armed robbery sentences.

In the first contention, applicant emphasizes that it was over eight years from the time that he was first sent to Patuxent Institution until he was determined to be a defective delinquent. The constitutional right to a speedy trial does not apply to defective delinquency proceedings since they are civil in nature, *McCloskey v. Director*, 230 Md. 635, 187 A. 2d 833, but even if the speedy trial rule did apply to these proceedings the several confinements in a mental hospital and the defense requested postponements would indicate sufficient reason for the delay, and the absence of a demand for a speedy trial would indicate a waiver. See *Hall v. State*, 3 Md. App. 680, 240 A. 2d 630. Since applicant was sent to the Patuxent Institution during his original sentence, it does not matter that sentence expired before he had been determined to be a defective delinquent. See Md. Code, Art. 31B § 6 (e), *Boughknight v. Director*, 239 Md. 140, 210 A. 2d 374; *Daugherty v. Director*, 235 Md. 662, 202 A. 2d 593; and *Eggleston v. State*, 209 Md. 504, 121 A. 2d 698.

As to the second contention, nothing is alleged to show that he did not have the genuine and effective assistance of counsel and, therefore, the contention is rejected as a bald allegation. *Keeling v. Director*, 5 Md. App. 123, 245 A. 2d 604.

Applicant next contends he should have had a copy of the transcript of his defective delinquency trial so he could examine it for possible errors. If there were any allegations requiring an examination of the transcript to determine the existence of an error, we would exercise our discretion and order that the transcript be provided, but a general allegation, without more, is insufficient to require a transcript. *Walls v. Warden,* 242 Md. 401, 219 A. 2d 6 and *Wade v. Warden,* 240 Md. 346, 214 A. 2d 161. The right to appeal a defective delinquency determination, for an indigent or a non-indigent, is discretionary with this Court. Md. Code, Art. 31B § 11, *Director v. Daniels,* 243 Md. 16, 46, 221 A. 2d 397.

Applicant next complains that the same judge presided at his trial on the armed robbery charges as presided at his defective delinquency trial. From the docket entries, this contention appears to be factually accurate; however, the mere fact that the same judge presided at both trials, standing alone as it does here, is not a sufficient reason for the judge to disqualify himself nor for this Court to find error in his conduct. See *Napier v. Director,* 232 Md. 654, 194 A. 2d 277.

Applicant's last contention is also without merit. The expiration of a criminal sentence has no bearing on the continued incarceration of one who has been adjudicated a defective delinquent. Even if his sentence had been completed, he can be retained in custody. *Fields v. Director,* 5 Md. App. 74, 245 A. 2d 598, and Md. Code, Art. 31B § 9 (b).

*Application denied.*