468 A.2d 410

**Wayne Hamton ROBERTS**

v.

**STATE of Maryland.**

**No. 101, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Dec. 12, 1983.

George E. Burns, Jr., Asst. Public Defender, with whom was Alan H. Murrell, Public Defender, on the brief, for appellant.

Ann E. Singleton, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., Sandra A. O'Connor, State's Atty. for Baltimore County, and Barbara Jung, Asst. State's Atty. for Baltimore County, on the brief, for appellee.

Submitted before WILNER, BISHOP and BLOOM, JJ.

BLOOM, Judge.

Wayne Hamton Roberts, appellant, was convicted by a jury in the Circuit Court for Baltimore County of two counts of larceny. He was sentenced to a period of two years imprisonment for the first larceny conviction with a concur-

rent two year commitment for the other larceny conviction. Appellant was directed to serve sixty days of his sentence in the detention center. The remainder of the sentences was suspended in favor of three years probation. The conditions of probation included advising his probation agent of any change of residence and payment of $446.35 restitution. No appeal was taken from this judgment.

Five months after sentence was imposed, the Division of Parole and Probation filed a petition charging appellant with violation of his probation by leaving the area without notifying his probation agent and by failing to pay restitution. After a hearing, the court revoked probation and reimposed the remainder of the two year sentence. Appellant now contends the court:

1. Failed to give him credit for time spent in custody pending the violation of probation hearing; and

2. Failed to comply with the provisions of the Intrastate Detainer Act.

At the revocation hearing, appellant admitted that after he had been placed on probation on February 14, 1977, he had subsequently moved to North Carolina without notifying his probation officer. Thereafter he worked for a period of time in North Carolina before returning to the Baltimore area. Appellant also admitted that he had not paid the restitution as directed.

Appellant testified that on May 8, 1982, he had been incarcerated in the Baltimore City Jail in connection with a handgun violation charge. While at the Baltimore City Jail, a detainer had been placed against him in connection with the Baltimore County violation of probation charge. On December 14, 1982, the Baltimore City handgun charge was stetted and appellant was transferred to the Baltimore County Detention Center.

In imposing sentence the court said:

I will strike out the suspended sentence and have him serve the balance of the sentence at the Baltimore County Detention Center. He is to get credit for the time he spent in jail awaiting this hearing, which is from Decem-

ber the 14th [1982]. He has made some allegation that he filed something under the Interstate [sic] Detainer Act, but there is nothing in the file to that effect, nor has he presented anything to the Court through his own testimony or by way of any exhibits that I could so conclude. Therefore, I cannot find that he's entitled to any relief for non-compliance with that Act.

## I. Credit for time spent in detention

Appellant first contends that he is entitled to credit for all the time he spent in detention (that is from May 8, 1982) rather than just the time he spent in the Baltimore County Detention Center (that is from December 14, 1982) while waiting for the violation of probation hearing.

Md.Ann.Code art. 27, § 638C(a), which provides that time spent in detention awaiting trial is to be credited against a subsequent sentence, states, *inter alia:*

In any case where a person has been in custody due to a charge that culminated in a dismissal or acquittal, the amount of time that would have been credited against a sentence for the charge, had one been imposed, shall be credited against any sentence that is based upon a charge for which a warrant or commitment was lodged during the pendency of such custody. In all other cases, the sentencing court shall have the discretion to apply credit against a sentence for time spent in custody for another charge or offense. This section does not apply to a parolee who is returned to the custody of the Division of Correction as a result of a subsequent offense and is incarcerated prior to the date on which he is sentenced for the subsequent offense.

Contending that the prosecution's action in stetting the handgun charge was a dismissal of the charge, appellant argues that he is entitled to have the time spent in custody due to the handgun charge credited against his sentence for the probation violation. We disagree.

■ The statute provides for credit for time spent in custody under a charge which culminates in "dismissal or

acquittal," not a stet. "A stet in Maryland is a method of placing an indictment in a state of suspended animation into which new vitality may be breathed through either prosecutorial or defense resuscitation." *State v. Weaver,* 52 Md. App. 728, 729, 451 A.2d 1259 (1982). A stet only means that the State chooses not to prosecute the accused on that charging document at that time. *Smith v. State,* 16 Md. App. 317, 323, 295 A.2d 802 (1972). Maryland Rule 782 c states, *inter alia,* "[a] stetted case may be rescheduled for trial at the request of either party within one year and thereafter only by order of court for good cause shown."

■ It remains possible for appellant to be prosecuted for the Baltimore City handgun violation. Since that charge is still viable and appellant remains in potential jeopardy of being tried thereon, he is not in the same position as if the charge had been dismissed or if he had been acquitted. The purpose of the language in question in § 638C(a) is to give credit for time spent in custody when there is no other way to credit that time. If an accused is acquitted of a charge for which he had been incarcerated, or if such charge is dismissed,[1] he can never be credited with the time spent in custody against his sentence for that offense because there will be no sentence. But if, while he is incarcerated under one charge, another charge is lodged against him, in the event of an acquittal under the first charge, time spent in custody thereunder can be credited against any sentence imposed on the second charge.

The situation for which the statute was designed to provide relief does not exist when the first charge is merely stetted because that charge may be eventually tried and may result in conviction and sentence. In such case, the accused will then be credited with the time spent in custody as a result of that charge. If appellant's reading of the

---

1. In *Magrogan v. State,* 56 Md.App. 289, 467 A.2d 784 (1983), we held that, for purposes of this statute, a nol pros as part of a plea bargain is equivalent to a dismissal because it effectively terminates the right to prosecute the accused for the charged offense.

statute were correct, should the handgun charge ever be tried and result in a conviction and sentence, he would be entitled to receive credit for time in custody thereon against the sentence for that offense in addition to credit against the sentence that was re-imposed for violation of probation. We do not believe the General Assembly intended such a result.

Because of the stet, this case falls into the category of "all other cases" as used in § 638C(a). Consequently, it was within the trial judge's discretion not to give appellant credit for time spent in the Baltimore City Jail. Appellant has failed to show that this was an abuse of discretion.

## II. Intrastate Detainer

■ The appellant also contends that the court should have *sua sponte* continued the case so it could determine if the Intrastate Detainer Act had been violated. We note that the appellant never made a request for such a continuance. We also agree with the court that the appellant failed to present testimony or evidence that there had not been compliance with the Act. Therefore we find the appellant's contention concerning the Intrastate Detainer Act is not grounds for setting aside his violation of probation.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.