THE STATE OF MARYLAND *vs.* JOHN T. MORGAN.

*Criminal Law—Nolle Prosequi.*

Pending a motion to quash an indictment for a felony, there was received and filed in the case a *nolle prosequi*, granted by the Governor, ordering "that all further proceedings against the accused on the indictment, should cease and determine *upon payment of the costs accrued upon said indictment, and that no further prosecution be had or carried on against him for or on account of the said offence.*" On motion of the counsel for the traverser, the Circuit Court ordered a "*stet*" to be entered in the prosecution, and further proceedings therein to be stayed. On a writ of error from the judgment of the Circuit Court, it was HELD:

1st. That the discharge of the accused was an end and determination of the suit, and such a final judgment as might be reviewed on writ of error.

2d. That the traverser was not entitled to claim the benefit of the *nolle prosequi*, until he had paid the costs of the prosecution;—until that condition was performed the writ was inoperative.

3d. That as the record did not show affirmatively that the costs had not been paid, and in the absence of any objection to the discharge of the accused on that account having been made in the Circuit Court, it will be presumed by the appellate Court that the condition precedent upon which the *nolle prosequi* was made to depend, was performed by the accused.

State *vs.* Morgan.

WRIT OF ERROR *to* the Circuit Court for Frederick County.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY and ALVEY, J.

*John Ritchie, State's Attorney,* and *Attorney General Jones,* for the plaintiff in error.

*Frederick J. Nelson* and *William B. Nelson,* for the defendant in error.

BARTOL, C. J., delivered the opinion of the Court.

It appears, by the record, that the defendant in error was indicted for a felony by the grand jury of Frederick County. A motion was made to quash the indictment, and pending the motion, on the 20th day of October, 1868, there was received and filed in the Circuit Court a *nolle prosequi* granted by the Governor, ordering " that all further proceedings against Morgan on the indictment should cease and determine *upon payment of the costs accrued upon the indictment,* and that no further prosecution *be had or carried on against him for or on account of the said offences.*"

Whereupon the counsel for the traverser moved the Court to enter a *"stet"* in the case for the reasons : " 1st, that a *nolle prosequi* had been granted. And 2d, because by virtue of the *nolle prosequi* Morgan was absolutely discharged from said prosecution."

And the Circuit Court ordered and adjudged that the motion be granted, and that a *"stet"* be entered in the prosecution, and further proceedings therein be stayed.

From the action or judgment of the Circuit Court the State has brought this writ of error.

The error assigned by the Attorney General, and for which he asks a reversal of the judgment, consists as alleged, in the Circuit Court considering the *nolle prosequi* as an absolute

discharge of the accused from the prosecution, without the payment of the costs by him; and that as to these he became liable only to the civil or ordinary process of execution by *fieri facias*, &c.

The defendant in error has moved this Court to quash or dismiss the writ of error for two reasons.

1st. Because the judgment or determination of the Court below was not such a final and conclusive judgment as is subject to review on writ of error.

2d. Because the point made by the Attorney General is not presented by the record, or in other words because it does not affirmatively appear from the record that the condition precedent, upon which the *nolle prosequi* was made to depend, had not been performed by the payment of the costs as required.

It is well settled by the authorities that a *nolle prosequi* ordinarily does not operate as a pardon; but that the accused remains subject to be proceeded against by another indictment for the same offence. *State vs. McNiel,* 3 *Hawks,* 183; *Com. vs. Wheeler,* 2 *Mass.,* 172; *Com. vs. Briggs,* 7 *Pick,* 179.

And so, where a *stet* has been entered in a criminal case, it is not ordinarily a final determination or acquittal of the party accused; but he remains liable to be proceeded against under the same indictment.

In this case however by the terms of the *nolle prosequi,* when it becomes effective, the accused is expressly saved from all further prosecution for or on account of the same offence. His discharge therefore was a final end and determination of the suit, and in such a final judgment as may be reviewed on writ of error.

. But in our opinion there is no error in the action of the Court below disclosed by the record.

There is no doubt of the soundness of the position maintained by the Attorney General that by the terms of the *nolle prosequi,* the payment of costs by the party accused is a condition precedent, without which he is not entitled to be discharged.

State *vs.* Morgan.

Until that condition is performed the party cannot lawfully claim the benefit of the *nolle prosequi*, and it would be error in the Court to give effect to the writ, and allow the *stet* to be entered, or the party to be discharged until they are satisfied the costs have been paid.

By the express provision of the Code, Art. 42, sec. 11, the Governor is prohibited from granting a *nolle prosequi* except *" on condition that the costs of the prosecution shall be paid by the person applying for the same."* In the present case the Governor acted in strict conformity with the law, and the party accused was not entitled to claim the benefit of the writ until he had first paid the costs of the prosecution. Until that condition was performed the *nolle prosequi* was inoperative.

The record does not state affirmatively that the costs were not paid by him. It does not appear that any objection was made in the Circuit Court to discharge the party because the costs were not paid, nor does it appear that any such question was raised in that Court. The record is silent as to the matter of costs, and merely shows that the Court directed the *" stet"* to be entered, and ordered the party to be discharged. Now the presumption is that the Court discharged its duty, and in the absence of any express statement in the record to the contrary, it must be intended that the condition precedent was performed by the defendant in error.

*Judgment affirmed.*

(Decided 28th June, 1870.)