## MERLIN CARL HOLTZ v. STATE OF MARYLAND

[No. 164, Initial Term, 1967.]

*Decided June 1, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and RUSSELL, J., Associate Judge of the Eighth Judicial Circuit, specially assigned.

*John J. Mitchell,* with whom was *Joseph Montedonico, Jr.,* on the brief, for appellant.

*Louis E. Schmidt, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Vincent J. Femia, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

Merlin Carl Holtz, the appellant, complains of a conviction for kidnapping because (1) the trial was held between the hours of 8:00 P.M. and 11:00 P.M. on May 11, 1966, and (2) at the conclusion of the charge, the State's Attorney

abandoned the assault and battery count in the indictment which constituted an essential ingredient of the kidnapping. In view of the questions raised it is unnecessary to detail the facts concerning the crime. The assault and battery charged was a part of the kidnapping.

At 6:20 P.M. on May 11, 1966, the court inquired of the defendant and his counsel as to their desire to proceed with the trial that evening or to have the case reassigned on a subsequent date. Both Holtz and his counsel stated it was their desire to proceed with the trial of the case. After dinner recess the trial began at 7:58 P.M. and was concluded at 11:00 P.M.

The matter of the hours during which a trial may be held has been discussed by the Court of Appeals of Maryland in one case, *Plank v. Summers,* 203 Md. 552, 102 A. 2d 262 at page 263 the Court stated:

> "The appellants contend that because the trial was started at 10 A.M. on Friday, May 1st, and was submitted to the jury at 2:18 A.M. on Saturday, May 2nd, the jurors became physically and mentally weary and thereby were not permitted to fairly deliberate the case. Of course, no case should be carried for such a length of time that the judges, jury and lawyers cannot properly function. However, the widest discretion has been given the trial courts in the conduct of trials and this discretion should not be disturbed unless it is clearly abused. In the instant case no objection seems to have been raised during the course of the trial to its duration by the appellants here or by their attorney or by the jurors."

Here there was not only a failure to object but an affirmative agreement that the trial should proceed. We cannot review an action taken by the trial court in the absence of an objection, Maryland Rule 1085.

After there was an exception to the instructions of the court concerning the assault and battery charge, the following occurred:

> "THE COURT: Very well, gentlemen, I will straighten it out.

MR. FEMIA : (State's Attorney) I will abandon assault and battery right now. I will make it easy on you.

MR. DePAUL,: (Attorney for appellant) If you will abandon assault and battery—

THE COURT : All right.

(Whereupon, counsel returned to the trial table and the following proceedings were had in open court in the hearing of the jury:)

THE COURT : Do I understand the State abandons the assault and battery count?

MR. FEMIA : Yes, sir, so there is no confusion.

THE COURT : Very well, your verdict is either guilty or not guilty of the charge of kidnapping. That is all you have to worry about. The State has abandoned the assault and battery so you can either find him guilty or not guilty, as you find him, and announce it accordingly.

Very well, Mr. DePaul, does that straighten it out?

MR. DePAUL,: Yes, Your Honor."

Holtz contends the abandonment of the assault and battery count constituted an acquittal and, since this was an essential element of the crime of kidnapping, he could not thereafter be convicted of the greater crime under the doctrine of merger. He relies on *Johnson v. State,* 238 Md. 528, 209 A. 2d 765. The objection is well taken provided the action taken below constituted an acquittal. On the facts of this case, however, it is apparent that the action did not constitute an acquittal for the purpose of these proceedings.

In *Brown v. State,* 237 Md. 492, 207 A. 2d 103 at page 102 the Court of Appeals stated:

"Therefore, if we assume, without deciding, that the third and fourth counts were duplicitous, the above action, in effect, was an election by the State to try the defendant for one only of the offenses charged in each of the two counts alleged to be duplicitous,

by taking a *nolle prosequi* as to all other offenses charged in the said counts. This procedure seems generally to be recognized as proper and permissible."

In the instant case the State was simply electing to try the defendant for one only of the offenses charged. It is true that in *Brown* the election was made prior to the beginning of the trial; however, *Johnson v. State, supra,* indicates clearly that we must look to the substance of what occurred in applying the principles of double jeopardy and *res judicata;* and further that apparently inconsistent verdicts will be upheld provided the fairness of what the trial court meant to do is apparent. The fairness here could not be more apparent.

*Judgment affirmed.*