# OKEY LATON LEWIS v. STATE OF MARYLAND

[No. 113, September Term, 1979.]

*Decided November 7, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*William H. Kenety, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Thomas E. Hickman, State's Attorney for Carroll County,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

This case presents the question whether in an appeal from the District Court to the Circuit Court, an accused who challenges his District Court conviction may be tried *de novo* in the Circuit Court proceeding on the remaining charges in the original District Court charging document that the District Court had deemed to be merged into the conviction.

Okey Laton Lewis, the petitioner, was charged in a single District Court charging document with affray, disorderly conduct, and assault and battery. He was tried in the District Court of Maryland sitting in Carroll County. The docket indicates that he was found guilty of affray and sentenced to a term of two years. It further indicates that he was found guilty of disorderly conduct. While no sentence was imposed for disorderly conduct, the docket contains the notation that the charge was "merged into and part of affray." Finally, while the docket does not reflect a verdict on the assault and battery charge or that a sentence was

imposed, it does contain the notation that this charge also was "merged into and part of affray."

The petitioner appealed to the Circuit Court for Carroll County. He was tried *de novo* by that Court which found him not guilty of affray, guilty of disorderly conduct, and guilty of assault and battery. That Court sentenced him to a term of two years for assault and battery and suspended imposition of sentence for disorderly conduct. The petitioner filed a petition for a writ of certiorari that we granted. We shall affirm the judgment of the Circuit Court.

The petitioner contends that the Circuit Court had no jurisdiction to try the charges of disorderly conduct and assault and battery. He asserts that because Md. Code (1974, 1980 Repl. Vol.), §§ 12-101 (f), 12-401 (a), 12-403 (a), and 12-401 (d) of the Courts and Judicial Proceedings Article provide that an accused may appeal to the Circuit Court from a final judgment entered in the District Court, the Circuit Court has appellate jurisdiction only after a final judgment has been entered in the District Court.[1]

The petitioner claims that a final judgment consists of both a verdict and sentence. He maintains that the absence of a verdict on the assault and battery charge and of sentences on both the disorderly conduct and assault and

---

1. § 12-101 (f) provides in pertinent part:

" '*Final judgment*' means a judgment, decree, sentence, order, determination, decision, or other action by a court ... *from which an appeal ... may be taken*." (Emphasis added.)

§ 12-401 (a) provides in pertinent part:

"[T]he defendant in a criminal case may appeal from a *final judgment* entered in the District Court. ... In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended." (Emphasis added.)

§ 12-403 (a) provides in pertinent part:

"An appeal from the District Court sitting in one of the counties shall be taken to the circuit court of the county in which judgment was entered."

§ 12-401 (d) provides in pertinent part:

"In ... a criminal case in which sentence has been imposed or suspended ... an appeal shall be tried de novo."

battery charges establish that in the District Court there were no final judgments on these charges. The petitioner argues, therefore, that the Circuit Court had no jurisdiction to try these charges on appeal and consequently, that "there was no mechanism for getting the two ancillary charges before the [Circuit] Court."

In addition, the petitioner asserts that in the District Court he was not convicted on the disorderly conduct and assault and battery charges. He contends that the constitutional guarantee against double jeopardy prohibits him from being tried on those charges in the Circuit Court.

Petitioner concludes that under all of these circumstances he cannot be tried in the Circuit Court on the disorderly conduct and assault and battery charges. We do not agree.

In a criminal case, a final judgment consists of a verdict and either the pronouncement of sentence or the suspension of its imposition or execution. *Langworthy v. State,* 284 Md. 588, 596-97, 399 A.2d 578, 583 (1979); *Kaefer v. State,* 143 Md. 151, 160, 122 A. 30, 33 (1923). *See Johnson v. State,* 191 Md. 447, 450, 62 A.2d 249, 250 (1948). Here the record shows that in the District Court the petitioner was found guilty of affray and sentenced to a term of two years. Thus, there was a final judgment that could be appealed to the Circuit Court.

Because the Circuit Court is exercising appellate jurisdiction when an appeal is taken from the District Court, *see Hardy v. State,* 279 Md. 489, 492, 369 A.2d 1043, 1046 (1977), the offenses are tried on the original District Court charging document. *See* Md. Rule 1314 a; Md. Rule 710 d.[2] *See also Pinkett v. State,* 30 Md. App. 458, 467-69, 352 A.2d

---

2. Md. Rule 1314 a provides in pertinent part:

"Where an appeal is to be heard *de novo,* it shall be tried according to the rules of procedure governing cases instituted in the appellate court, except the rules relating to the form and sufficiency of the pleadings...."

Md. Rule 710 d provides in pertinent part:

"An offense may be tried on a District Court charging document if the offense is within the jurisdiction of the District Court and the defendant ... appeals from the judgment of the District Court."

358, 364-66, *cert. denied,* 278 Md. 730 (1976). Here, since the affray, disorderly conduct, and assault and battery charges were all included in the original District Court charging document, all of these charges were properly before the Circuit Court.

An appeal that is brought from the District Court to the Circuit Court is treated as a wholly original proceeding, that is "as if no judgment had been entered in the district court." *See Hardy,* 279 Md. at 492-93, 369 A.2d at 1046-47; *Borden Mining Co. v. Barry,* 17 Md. 419, 428-29 (1861). Therefore, unless the constitutional guarantee against double jeopardy prohibits a *de novo* trial on the disorderly conduct and assault and battery charges that were deemed by the District Court to be merged into the affray conviction, these charges could be tried *de novo* in the Circuit Court.

Ordinarily, the doctrine of double jeopardy imposes no limitations upon the power of a court of competent jurisdiction to retry an accused who has successfully challenged his conviction. *North Carolina v. Pearce,* 395 U.S. 711, 719, 89 S. Ct. 2072, 2078 (1969); *United States v. Ball,* 163 U.S. 662, 671-72, 16 S. Ct. 1192, 1195 (1896); *Sweetwine v. State,* 288 Md. 199, 204, 421 A.2d 60, 63 (1980). The rationale underlying this principle is that ordinarily when an accused chooses to challenge his conviction and succeeds, the slate is wiped clean, and the parties may start anew. *Parks v. State,* 287 Md. 11, 16, 410 A.2d 597, 601 (1980). This principle and its underlying rationale lead to the conclusion that when in an appeal from the District Court to the Circuit Court an accused challenges the District Court conviction, he may be tried *de novo* in the Circuit Court proceeding on the remaining charges in the original District Court charging document that the District Court had deemed to be merged into the conviction.

Here, in an appeal from the District Court to the Circuit Court, the petitioner successfully challenged his District Court conviction and was acquitted on affray. As a result, the petitioner could properly be tried *de novo* on the remaining disorderly conduct and assault and battery

charges that the District Court had deemed to be merged into the conviction on affray.

Of course, if the petitioner had been acquitted in the District Court on the disorderly conduct and assault and battery charges, the constitutional guarantee against double jeopardy would have protected him from being tried *de novo* in the Circuit Court on these charges. *Block v. State,* 286 Md. 266, 268-69, 407 A.2d 320, 321 (1979); *Pugh v. State,* 271 Md. 701, 706, 319 A.2d 542, 545 (1974). Here, however, the docket contains the notation that the disorderly conduct and assault and battery charges were "merged into and part of affray." This notation establishes that the petitioner was not acquitted on either of the two charges. Accordingly, the doctrine of double jeopardy imposed no limitation upon the Circuit Court's power to try the petitioner *de novo* on the disorderly conduct and assault and battery charges.[3] Therefore, we shall affirm.

*Judgment affirmed.*
*Petitioner to pay costs.*

---

3. Petitioner's contention that in the Circuit Court the prosecutor explicitly waived prosecution of the disorderly conduct and assault and battery charges is not supported by the record. Petitioner's alternative suggestion that the three offenses here involved are distinct and that the doctrine of merger does not apply was not raised in the Circuit Court and, therefore, is not properly before us. Md. Rule 885. Petitioner's additional alternative suggestion that he was prejudiced by a lack of notice that the disorderly conduct and assault and battery charges would be tried *de novo* in the Circuit Court was not raised in that Court and, therefore, is not properly preserved for review. Md. Rule 885.