STATE OF MARYLAND *v.* MELVIN MOULDEN

[No. 48, September Term, 1980.]

*Decided February 24, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Diane G. Goldsmith, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellant.

*George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

Melvin Moulden was charged by criminal information with armed robbery, simple robbery and related offenses. He was tried twice in the Criminal Court of Baltimore, and the

broad question before us now is whether, under all of the circumstances, further trial court proceedings are precluded by double jeopardy principles.

At the defendant's first trial, the number of potential jurors available was insufficient to permit both the defense and the prosecution to exercise all of the peremptory challenges allotted by Maryland Rule 753 in an armed robbery prosecution. As a result, the State elected not to prosecute the defendant on the armed robbery count.[1] After the jury was sworn and after the presentation of all the evidence, but before closing arguments had been made, the defendant's counsel became ill, and the defendant, by another attorney, requested and was granted a mistrial.

Thereafter, the defendant was re-arraigned on the *same* criminal information and the case was again called for trial before a jury in the Criminal Court of Baltimore, but this time on both the armed robbery and the simple robbery counts. Before the second trial began, the defendant objected to being retried on the greater count, although not on the simple robbery count. The basis for the defendant's objection was that, at the beginning of the first trial, "the State abandoned the first count and, therefore, cannot call that count now . . . ." The State, on the other hand, denied that it had abandoned or nol prossed the armed robbery count and contended that it could proceed at the second trial on both the armed robbery and the simple robbery counts. The trial court made no ruling as to whether or not the State had abandoned the armed robbery count at the first trial.[2]

---

1. The transcript of the first trial proceedings does not disclose that the reason for the State's action was an insufficient number of jurors and does not disclose what was said by the State in this connection. Instead, the transcript begins with the plea to the counts which were actually being called for trial, followed by the jury voir dire. The reason for the State's action, in electing not to prosecute the armed robbery charge at the first trial, was disclosed during the argument at the beginning of the second trial in this case.

2. Later, in its brief in the Court of Special Appeals, the State conceded that the armed robbery count had been abandoned and that the State's action "was the equivalent of a *nolle prosequi* as to armed robbery." The State's concession was well-founded, and we shall accept it for purposes of this case. *See,* Knotts v. State, 237 Md. 417, 419-420, 207 A.2d 100 (1965), *cert. denied* 395 U.S. 982, 89 S.Ct. 2142, 23 L.Ed.2d 770 (1969); Stocker v.

Instead, the trial court treated the matter as a double jeopardy issue and held that, under the appellate cases dealing with double jeopardy principles, the State was not precluded from calling the armed robbery charge.

After the presentation of evidence, the trial court instructed the jurors that they should first consider the armed robbery count, and, if they found that the defendant was guilty of armed robbery, then they "do not have to go on to the third count, the one which charges robbery because that is what we call a lesser count, and it would merge into the greater, the first [armed robbery] count." The trial court explained, however, that should the jury find the defendant not guilty on the armed robbery charge, it should proceed to consider the simple robbery count.

The jury returned a verdict of guilty of armed robbery and guilty of carrying a deadly weapon openly with intent to injure. In accordance with the court's instructions, the jury returned no verdict on the simple robbery count.

On appeal to the Court of Special Appeals, the defendant argued that the trial court had erred in not sustaining his objection to being tried on the armed robbery count. The defendant claimed that the second trial, on the armed robbery count, violated the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution. The defendant pointed out that, at the first trial before the mistrial was declared, jeopardy had attached to the charge of simple robbery. He also pointed out that, because simple robbery is a lesser included offense of armed robbery, they are deemed the same offense for double jeopardy purposes under the required evidence test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).[3] Therefore, according to the defendant,

---

State, 4 Md. App. 275, 279, 242 A.2d 578 (1968), *cert. denied,* 251 Md. 752; 395 U.S. 982, 89 S. Ct. 2142, 23 L.Ed.2d 770 (1969); Holtz v. State, 1 Md.App. 358, 361-362, 230 A.2d 117 (1967), *cert. denied,* 247 Md. 740.

**3.** *See* Sweetwine v. State, 288 Md. 199, 201, n. 1, 421 A.2d 60, *cert. denied,* 449 U.S. 1017, 101 S.Ct. 579, 66 L.Ed.2d 477 (1980); Bynum v. State, 277 Md. 703, 707, 357 A.2d 339, 341, *cert. denied,* 429 U.S. 899, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976).

jeopardy attached to the armed robbery charge also, and a conviction on the simple robbery charge at the first trial would have precluded a subsequent prosecution on the armed robbery charge.[4] Finally, the defendant contended that the mistrial related only to the simple robbery charge, permitting a retrial on that charge, but that it did not affect the armed robbery charge. Since, in the defendant's view, jeopardy had attached to the charge of armed robbery, he could not be prosecuted again on that charge. The defendant also argued that the evidence was insufficient to convict him on the deadly weapon charge.

The State in the Court of Special Appeals initially conceded that the "State's election [at the beginning of the first trial] to proceed on simple robbery was the equivalent of a *nolle prosequi* as to armed robbery . . . ." However, instead of then taking the position that the second trial on the armed robbery count was improper because the count had been nol prossed, the State agreed with the defendant's argument and conceded that the armed robbery conviction should be reversed on constitutional double jeopardy grounds.[5] The State argued, however, that even though the jury did not consider the simple robbery count, the jury's

---

4. *See* Thomas v. State, 277 Md. 257, 353 A.2d 240 (1976).

5. The State's argument in the Court of Special Appeals (Brief, pp. 5-6), was as follows:

"Although the mistrial was later declared at Appellant's request, justice mandates that Appellant by requesting the mistrial, was only agreeing to a retrial on the charge of simple robbery. To hold otherwise would have required Appellant to face a "desperate choice." *See* Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). If Appellant could be tried on armed robbery, his request for mistrial due to his attorney's illness would have placed him in an "incredible dilemma." *Id.*, 355 U.S. at 193-194. Appellant would have had to choose between forfeiting the bar to prosecution on armed robbery by requesting a mistrial, or continuing with the first trial with counsel who could not properly or adequately argue the case to the jury. Hence, Appellee agrees that Appellant's trial on armed robbery was prohibited by double jeopardy."

While couched in double jeopardy terms, the theory of the State's argument may be somewhat similar to the due process principles set forth in Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) and North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

finding that the defendant was guilty of armed robbery necessarily meant that he was also guilty of simple robbery. The State requested that the Court of Special Appeals vacate the armed robbery conviction, order the trial court to enter a conviction for simple robbery, and order the trial court to impose a sentence for simple robbery.

The Court of Special Appeals, in an unreported opinion, reversed the judgment on the armed robbery count and affirmed the judgment on the count charging the carrying of a deadly weapon openly with intent to injure. The intermediate appellate court agreed with the position of the defendant and the State that the armed robbery conviction at the second trial violated the Fifth Amendment's prohibition against double jeopardy. The Court of Special Appeals refused to remand the case on the simple robbery charge with either directions for the entry of a guilty verdict as requested by the State or directions for a new trial. Instead, the court took the position that the jury's verdict operated as a judgment of acquittal on the charge of simple robbery, precluding any further proceedings on such charge. The Court of Special Appeals reasoned that the case was analogous to *Block v. State,* 286 Md. 266, 407 A.2d 320 (1979), in which it was held that a verdict of "not guilty" in a nonjury trial, even if rendered in violation of a procedural rule, was within the court's jurisdiction and, therefore, was final and a bar to further criminal proceedings on the same charge. After quoting from *Block,* the Court of Special Appeals stated in the present case:

"In the instant case the court had jurisdiction over both the subject matter and the appellant. From this basis the court specifically instructed the jury, in the disjunctive, to find the appellant either guilty of robbery with a deadly weapon, guilty of common law robbery or not guilty of either offense. That such an instruction, as regard to the robbery with a deadly weapon charge, was in error does not, for the same reasoning as set forth in *Block v. State, supra,* prevent it from operating as a judgment of

acquittal for an offense which was not, pursuant to such instruction, considered by the jury."

This Court then granted the State's petition for a writ of certiorari which purported to present the following question:

"Whether Respondent may be convicted of simple robbery when

(a) His conviction of armed robbery was reversed by the Court of Special Appeals on double jeopardy grounds not affecting the charge of simple robbery *and*

(b) the jury returned no specific verdict on simple robbery in accordance with the trial court's instructions."

The State argues that, under the circumstances of this case, the reversal of the armed robbery conviction on double jeopardy grounds does not preclude further proceedings in the trial court on the lesser included offense of simple robbery. The State asks that the case be remanded to the trial court for entry of a guilty verdict and sentencing on the simple robbery charge. Alternatively, the State urges that the case be remanded for a new trial on the charge of simple robbery. The defendant, on the other hand, argues that, because the simple robbery charge was submitted to the jury and the jury failed to return a verdict on the charge, he "was in direct peril of being convicted" of simple robbery and may not now be tried on that charge under the principles of *Green v. United States,* 355 U.S. 184, 190, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957).

(a)

Preliminarily, it should be pointed out that the precise issue raised by the State's certiorari petition is not actually presented under the facts of this case. The question posited by the State includes the assumption that the reversal of the armed robbery conviction was required by double jeopardy principles. In our view, however, whether the armed robbery

conviction at the second trial was invalid on double jeopardy or due process grounds should never have been reached by the Court of Special Appeals. Instead, as a threshold matter, the trial and conviction on the armed robbery count were erroneous because that count in the charging document had been nol prossed.

As previously noted, *supra* n. 2, the State's election not to prosecute on the armed robbery count was a nolle prosequi of that count. In Maryland, unlike some other jurisdictions, we have consistently drawn a sharp distinction between a nolle prosequi and a stet. *Barrett v. State,* 155 Md. 636, 638, 142 A. 96 (1928); *State v. Morgan,* 33 Md. 44, 46 (1870); *Brady v. State,* 36 Md.App. 283, 290, 374 A.2d 613 (1977); *State v. Jones,* 18 Md.App. 11, 33-37, 305 A.2d 177 (1973); Maryland Rule 782. Although a stet permits an accused to be proceeded against at a later date under the same charging document, a nolle prosequi does not. The nol pros of a charging document or of a count is "a final disposition" of the charging document or count; "there can be no further prosecution under" the nol prossed charging document or count; the matter is "terminated" at that time; and the accused may be proceeded against for the same offense only under a new or different charging document or count. *Barrett v. State, supra,* 155 Md. at. 637-638. As we pointed out in *Bynum v. State,* 277 Md. 703, 705, 357 A.2d 339, *cert. denied,* 429 U.S. 899, 97 S. Ct. 264, 50 L.Ed.2d 183 (1976), " [w]here a *nolle prosequi* is entered before jeopardy attaches, the state is ... precluded from further prosecution under the indictment or count so dismissed." The nol pros of one count in a multi-count indictment " 'leaves the prosecution just as though no such count had ever been inserted in the indictment,' " *Ward v. State,* 290 Md. 76, 84, 427 A.2d 1008 (1981), quoting from *Dealy v. United States,* 152 U.S. 539, 542, 14 S.Ct. 680, 681, 38 L.Ed. 545 (1894).[6]

---

**6.** The only "exception" to this principle is when the nolle prosequi is subject to a condition and the condition is not met. State v. Morgan, 33 Md. 44, 46 (1870). Thus, if a nolle prosequi as to one count is expressly or impliedly conditioned on a guilty plea to another count or counts, as part of an express or implicit plea arrangement, and the defendant successfully challenges the validity of the guilty plea and obtains a new trial, thereby

In the present case, when the State nol prossed the armed robbery count before the commencement of the first trial, there could be no further prosecution under that count.[7] The State, not having filed a new charging document containing an armed robbery count, was not entitled to try the defendant for armed robbery at the second trial. The defendant's objection to the State's action before the second trial began, on the ground that the armed robbery charge had been nol prossed, was sound and should have been sustained by the trial court.

Any question as to whether a second trial on an armed robbery count would violate double jeopardy or due process principles, could properly have arisen only if the State, after the mistrial, had obtained a new indictment or information charging armed robbery. Since there was no new charging document, the earlier nol pros of the armed robbery count left the information " 'just as though no such count had ever been inserted,' " *Ward v. State, supra,* 290 Md. at 84. Thus, as a threshold matter, no issue concerning the constitutional permissibility of retrying the defendant on an armed robbery count was properly before the trial court or the Court of Special Appeals. There simply was no valid armed robbery count. Consequently, no issue is before us concerning the permissibility of further trial proceedings on a lesser count when such further proceedings on a greater count are precluded by the Fifth Amendment's double jeopardy clause and when both counts charge the "same offense"

---

rescinding the plea arrangement and refusing to abide by the condition, the State at its election ordinarily may prosecute the defendant upon the nol prossed count at the new trial without obtaining a new charging document. Ward v. State, 290 Md. 76, 84-85, n. 7, 427 A.2d 1008 (1981); Sweetwine v. State, *supra,* 288 Md. at 203; Miller v. State, 272 Md. 249, 256, 322 A.2d 527 (1974).

7. Maryland Rule 782 a requires that a nolle prosequi be made in open court and that the prosecuting attorney set forth the reasons for his action. As previously mentioned, *supra* n. 1, the transcript of the first trial proceedings in this case does not cover the period of time when the prosecuting attorney set forth the reasons for electing not to prosecute the armed robbery charge. Although we do not have a verbatim statement of the reasons, nevertheless the record clearly shows that the reason for the State's action, namely an insufficient number of jurors, was made known in open court before the first trial began.

under the required evidence test of *Blockburger v. United States, supra.*

(b)

The issue before us, then, is whether further trial court proceedings upon the lesser included offense of simple robbery are precluded by the Fifth Amendment's double jeopardy clause when the defendant's conviction on the greater offense of armed robbery is, upon the defendant's appeal, reversed on state law non-constitutional grounds unrelated to the simple robbery count, and when the jury had not considered the simple robbery count. In our view, under the circumstances of this case, the Fifth Amendment's double jeopardy clause does not prohibit a remand for further trial proceedings on the charge of simple robbery.

The basic justification for further trial court proceedings in this case, is the principle of *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). In *Ball,* the Supreme Court recognized an exception to the double jeopardy prohibition against a second trial following a conviction and held that ordinarily a criminal defendant can be retried if he successfully challenges the former conviction. This principle has been discussed and applied by this Court on many recent occasions. *See, e.g., Ward v. State, supra,* 290 Md. at 95-96; *Lewis v. State,* 289 Md. 1, 5, 421 A.2d 974 (1980); *Jones v. State,* 288 Md. 618, 625-626, 420 A.2d 1241 (1980), *cert. denied,* 449 U.S. 1115, 101 S.Ct. 928, 66 L.Ed.2d 845 (1981); *Sweetwine v. State,* 288 Md. 199, 203-212, 421 A.2d 60, *cert. denied,* 449 U.S. 1017, 101 S.Ct. 579, 66 L.Ed.2d 477 (1980); *Parks v. State,* 287 Md. 11, 15-16, 410 A.2d 597 (1980).

As pointed out in several of the above-cited cases, when a defendant successfully challenges his conviction, he has "wiped the slate clean and the parties may start anew." (*E.g., Parks v. State, supra,* 287 Md. at 16.) As stated by the Supreme Court in *North Carolina v. Pearce,* 395 U.S. 711, 719-721, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the rule of *United States v. Ball* "rests ultimately upon the premise that the original conviction has, at the defendant's behest,

been wholly nullified and the slate wiped clean." If the defendant's successful appeal of the armed robbery conviction has "wiped the slate clean," it would certainly seem to follow that he could be retried on the lesser included count of simple robbery when the prohibition against a retrial of the armed robbery count does not affect the simple robbery count and when the jury, because of the armed robbery verdict, presumably did not consider the simple robbery count.

In *Sweetwine v. State, supra,* 288 Md. at 205-206, we held that under some circumstances, the rule of *United States v. Ball* would permit a retrial following an appeal on a different count than that upon which the defendant was convicted. Although *Sweetwine* involved a different situation than that presented in the case at bar, nevertheless we there expressly decided that the *Ball* principle goes beyond a retrial limited to the identical charge on which the defendant was previously convicted. In addition to the cases cited in *Sweetwine,* see, e.g., *People v. Jackson,* 20 N.Y.2d 440, 285 N.Y.S.2d 8, 231 N.E.2d 722 (1967), *cert. denied,* 391 U.S. 928, 88 S.Ct. 1815, 20 L.Ed.2d 668 (1968); *State v. B,* 173 Wis. 608, 616, 182 N.W. 474 (1921); *State v. Bronston,* 7 Wis.2d 627, 98 N.W.2d 468 (1959). *See also* the discussion in *Jeffers v. United States,* 432 U.S. 137, 150-152, 97 S.Ct. 2207, 2216-2217, 53 L.Ed.2d 168 (1977).

In holding that the Fifth Amendment's double jeopardy clause precluded a remand for further proceedings on the count charging simple robbery, the Court of Special Appeals relied upon *Block v. State, supra,* 286 Md. 266. That case, however, does not support the holding below. After a nonjury trial on a single charge of shoplifting, the trial judge in *Block,* assumably in violation of Maryland District Rule 770, rendered a "not guilty" verdict. More than two months later, upon the State's motion, the judge struck the "not guilty" verdict and ordered a new trial. This Court held that there could be no new trial on the shoplifting charge because of the settled double jeopardy principle that a verdict of "not guilty" is final and cannot later be set aside. 286 Md. at 268. We further pointed out that, merely because the rendition of

the verdict may have been in violation of a procedural rule, the trial court was not deprived of "jurisdiction" to render it for purposes of the double jeopardy prohibition.

The present case would be analogous to *Block* if the jury had rendered a "not guilty" verdict on the simple robbery count. The fact that such verdict might have been inconsistent with the guilty verdict on the armed robbery count, or that the verdict might have been in violation of the court's instructions, would not under *Block* have deprived the verdict of its finality. However, in the present case, unlike *Block,* there was no verdict rendered on the simple robbery count. The principle invoked in *Block,* concerning the finality of a "not guilty" verdict, has no application to this case because no such verdict was rendered.

The defendant argues that the principles set forth in *Green v. United States, supra,* 355 U.S. at 184, preclude a remand for further proceedings on the simple robbery count. *Green* involved, *inter alia,* a prosecution for murder, and the jury was instructed that, under the murder count of the indictment, it could find the defendant guilty of either first or second degree murder. The defendant was found guilty of second degree murder but the jury's verdict was silent as to first degree murder. Upon the defendant's appeal, the second degree murder conviction was reversed, and he was retried on the same murder count and convicted of first degree murder. The Supreme Court held that the case was not governed by the principle of *United States v. Ball, supra,* and that the retrial and conviction for first degree murder violated the Fifth Amendment's double jeopardy clause. The Supreme Court explained (355 U.S. at 190-191):

> "Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gantlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit

acquittal on the charge of first degree murder. But the result in this case need not rest alone on the assumption, which we believe legitimate, that the jury for one reason or another acquitted Green of murder in the first degree. For here, the jury was dismissed without returning any express verdict on that charge and without Green's consent. *Yet it was given a full opportunity to return a verdict* and no extraordinary circumstances appeared which prevented it from doing so. Therefore it seems clear, under established principles of former jeopardy, that Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense. *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974. In brief, we believe this case can be treated no differently, for purposes of former jeopardy, than if the jury had returned a verdict which expressly read: 'We find the defendant not guilty of murder in the first degree but guilty of murder in the second degree.'" (Emphasis supplied.)

The basic rationale in *Green* for the holding that the jury's silence amounted to an acquittal, would seem to be that the charge of first degree murder had been submitted to the jury, that the jury "was given a full opportunity to return a verdict" on the charge, that nothing prevented the jury from rendering a verdict, and that the jury chose not to find the defendant guilty. This rationale does not apply to the instant case. Because of the court's instruction to the jury that it need not consider the simple robbery count if it found the defendant guilty of armed robbery, because the jury did in fact find the defendant guilty of armed robbery, and because our legal system necessarily proceeds upon the assumption that jurors will follow the trial judge's instructions,[8] in a real

---

**8.** Blanchfield v. Dennis, 292 Md. 319, 325, 438 A.2d 1330 (1982); Stevenson v. State, 289 Md. 167, 189, 191, 423 A.2d 558, 570, 571 (1980) (dissenting opinion); Hunter v. State, 193 Md. 596, 604, 69 A.2d 505 (1949); Cohen v. State, 173 Md. 216, 232, 196 A. 819 (1937), *cert. denied,* 303 U.S. 660, 58 S.Ct. 764, 82 L.Ed. 1119 (1938).

sense the simple robbery count was not submitted to the jury for its consideration. To borrow part of the language from *Green,* the jury was *not* "given a full opportunity to return a verdict" and the trial judge's instruction concerning the simple robbery count created the "circumstances . . . which prevented it from doing so." 355 U.S. at 191.

Consequently, in the present case we believe that the jury's silence regarding the simple robbery count did not amount to an acquittal under the principles set forth in *Green v. United States.*[9] In our view, a remand for further trial proceedings on the simple robbery count is not precluded by double jeopardy principles.

---

**9.** Nevertheless, we do recognize that there is language in the *Green* opinion which arguably would support a broader interpretation of the principles set forth therein and preclude a remand on the simple robbery count in the present case. In the passage from *Green* quoted in the text, the Supreme Court pointed out that the defendant Green "was forced to run the gantlet" on the charge of first degree murder. 355 U.S. at 190. Then, after stating that its holding need not rest alone on the theory of an implicit or assumed acquittal, the Court observed that "the jury was dismissed without returning any express verdict on that charge and without Green's consent." *Id.* at 191. The Court then relied on Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949), which involved the principle that when, after jeopardy attaches, a mistrial is declared without the defendant's consent, he may only be retried if there was a "manifest necessity" for the mistrial. Elsewhere in the *Green* opinion, the Court pointed out that the charge upon which no verdict was rendered "was in no way involved in his appeal." *Id.* at 190. Later, the Supreme Court stated (*id.* at 193-194):

"Reduced to plain terms, the Government contends that in order to secure the reversal of an erroneous conviction of one offense, a defendant must surrender his valid defense of former jeopardy not only on that offense but also on a different offense for which he was not convicted and which was not involved in his appeal . . . . The law should not, and in our judgment does not, place the defendant in such an incredible dilemma. Conditioning an appeal of one offense on a coerced surrender of a valid plea of former jeopardy on another offense exacts a forfeiture in plain conflict with the constitutional bar against double jeopardy."

Applying this language from *Green* to the present case, it could be said that the defendant Moulden "ran the gantlet" on the charge of simple robbery. He was deprived of having the jury rule on the simple robbery charge because of the erroneous action of the trial court in refusing to dismiss the previously nol prossed armed robbery count, in submitting the armed robbery count to the jury, and in instructing the jury that it need not consider the simple robbery count if it convicted the defendant of armed robbery. The Court's action in thus "aborting" the trial on the simple robbery count was without the defendant's consent; the defendant from the beginning insisted that the armed robbery count was not properly in the case and that the only robbery charge on which he should be tried was simple robbery. Moreover, the simple robbery count was in no way involved in Moulden's

(c)

In light of our holding that the double jeopardy clause does not prohibit a remand for additional trial court proceedings on the simple robbery count, the final question before us concerns the nature of those proceedings. The State urges that the case should be remanded for the entry of a guilty verdict on the simple robbery count and for sentencing proceedings. The rationale for the State's position is that, because simple robbery is a lesser included offense of armed robbery, the jury's guilty verdict on the armed robbery charge necessarily meant that the jury also believed the defendant to be guilty of simple robbery.

We have found authority which would arguably support the State's position, although the cases have involved reversals of convictions on greater counts for insufficiency of the evidence when the evidence was sufficient to convict upon lesser included counts. *See, e.g., Government of Virgin Islands v. Josiah,* 641 F.2d 1103, 1108 (3rd Cir., 1981); *United States v. LaMartina,* 584 F.2d 764, 767 (6th Cir., 1978); *cert. denied,* 440 U.S. 928; 99 S.Ct. 1263, 59 L.Ed.2d 483 (1979); *United States v. Cobb,* 558 F.2d 486, 489 (8th Cir., 1977); *Austin v. United States,* 382 F.2d 129, 140-142 (D.C. Cir., 1967), and cases there cited. There is also authority tending to support the contrary view, that a remand for a new trial on the lesser count is the appropriate appellate judgment under these circumstances. *See, e.g., State v. O'Donnell,* 176. Iowa 337, 157 N.W. 870 (1916); *State v. Bronston,* 7 Wis.2d 627, 98 N.W.2d 468 (1959); *United States v. Martini,* 42 F.Supp. 502, 510 (S.D. Ala., 1941).

---

appeal; the ground for challenging the armed robbery conviction was totally unrelated to the simple robbery count. If a remand is permissible, the defendant, in order to have an invalid conviction on a nol prossed count eradicated, would be surrendering a "valid defense of former jeopardy . . . on a different offense for which he was not convicted and which was not involved in his appeal." 355 U.S. at 193.

Although one in Moulden's position could make a forceful argument based upon some of the language in *Green,* we believe that central to the *Green* holding was the fact that the first degree murder charge was in fact submitted to the jury and the jury "was given a full opportunity to return a verdict," 355 U.S. at 191. *See* Price v. Georgia, 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970).

The State's argument, and the cases in support thereof, superficially appear to be quite logical. Nevertheless, the argument and cases overlook one important factor, namely the validity of inconsistent jury verdicts of conviction and acquittal. In *Leet v. State,* 203 Md. 285, 293, 100 A.2d 789 (1953), Chief Judge Sobeloff pointed out for this Court:

> "While it is true that a finding of *guilt* on two inconsistent counts will be declared invalid in Maryland, * * * it does not follow that a conviction on one count may not stand because of an inconsistent acquittal on another count."

We have regularly adhered to the principle, set forth by Justice Holmes for the Supreme Court in *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932), that "[c]onsistency in the verdict is not necessary. Each count in an indictment is regarded as if it were a separate indictment." *See Ford v. State,* 274 Md. 546, 551-553, 337 A.2d 81 (1975); *Williams v. State,* 204 Md. 55, 64, 102 A.2d 714 (1954). *Cf., Ward v. State, supra,* 290 Md. at 92-93.

In light of this principle, we have upheld judgments in criminal cases in a variety of situations where the jury's verdict on one count was inconsistent with its verdict on another. A recent example is *Ford v. State, supra,* where the jury considered a count charging the defendant with robbery, and a count charging him with the use of a handgun in the commission of a felony, the felony being the robbery charged in the prior count. The jury acquitted the defendant of the robbery but found him guilty of using a handgun in the commission of the same robbery, and this Court upheld the judgment. In *Johnson, Etc. v. State,* 238 Md. 528, 540-546, 209 A.2d 765 (1965), this Court upheld the judgment when the defendants were found guilty of rape and kidnapping but acquitted of the lesser included offense of assault which was "an essential ingredient of both [the] rape and kidnapping, of which the appellants were convicted." 238 Md. at 541. *See also, e.g., Ledbetter v. State,* 224 Md. 271, 273-274, 167 A.2d 596 (1961).

Inconsistent jury verdicts, although perhaps illogical, do occur and are valid. Therefore, in the present case, merely because the jury found the defendants guilty of armed robbery does not necessarily mean that the verdict on the distinct count of simple robbery would have been "guilty." At any rate, we agree with those courts which take the position that the rendition of a guilty verdict on a count in a criminal case is the province of the trier of facts rather than an appellate court. The case should be remanded for an entire new trial on the count of simple robbery.

> *Judgment of the Court of Special Appeals reversed in part, and case remanded to that Court with directions to render a judgment consistent with this opinion. Respondent to pay the costs.*