# STATE OF MARYLAND *v.* JUNITH ANYSLEN WEAVER

[No. 232, September Term, 1982.]

*Decided November 5, 1982.*

The cause was argued before GILBERT, C. J., and LOWE and ADKINS, JJ.

*Maureen O'Ferrall Gardner, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Jonathan Scott Smith, Assistant State's Attorney for Baltimore County,* on the brief, for appellant.

*Michael R. Malloy, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

A stet in Maryland is a method of placing an indictment or criminal information in a state of suspended animation into which new vitality may be breathed through either prosecutorial or defense resuscitation. The "stet" as used in this State appears to be unique, in name, if not as to usage. *See generally State v. Jones,* 18 Md. App. 11, 32-37, 305 A.2d 177 (1973). "The entry of a stet simply means that the State will not proceed against an accused *on that indictment at that time." Smith v. State,* 16 Md. App. 317, 323, 295 A.2d 802 (1972). Unlike a *nolle prosequi,* which may be used by a State's Attorney in his or her discretion to terminate a prosecution, with or without the consent of the accused, a stet may not be entered over the objection of a defendant.

Md. Rule 782c provides in pertinent part:

> "c. *Disposition by Stet.*
>
> Upon motion of the State's Attorney, the court may indefinitely postpone trial upon a charging document by marking the case 'stet' on the docket. The defendant need not be present when a case is stetted in which event the clerk shall send notice of the stet to the defendant, if his whereabouts are known, and to his counsel of record. *The case may not be stetted over the objection of the defendant.* A stetted case may be rescheduled for trial at the request of either party within one year and thereafter only by order of court for good cause shown." (Emphasis supplied.)

In the instant case, Junith Anyslen Weaver was charged with robbery with a dangerous and deadly weapon. Md. Ann. Code art. 27, § 36B. The State charged Weaver in a separate criminal information for each of four robberies.

Weaver's counsel entered his appearance on April 10, 1981,[1] and trial was set for June 16, 1981. It was, however, postponed because Weaver had not been transported from the Howard County Jail, where he was incarcerated, to the Circuit Court for Baltimore County for trial. A second trial date was set for September 2, 1981, but it, too, was postponed, the reason being that no jury was available. A third trial was set for October 1, 1981, at which time only two cases of the four were tried. The other two informations were not called to trial at that time. On Friday, October 2, 1981, the second day of trial, the jury found Weaver to be guilty of the offenses charged in Criminal Information numbers 73213 and 73215.

At the conclusion of the matter, at apparently about 4 p.m., the following occurred, according to the "excerpt" supplied by the State:

"THE COURT: Now, you have explained that he has to file a petition for that?

MR. CARDIN: Yes, That must be done within 90 days of today's date to his Honor, Judge Brizendine; you understand that?

THE DEFENDANT: Yeah.

THE COURT: All right.

MR. SMITH: Your Honor, with respect to the two remaining cases, Case Number 73212 and 73214, I'd move to place those on the stet docket.

THE COURT: Very well.

(Conclusion of excerpt and proceedings.)"

"[A]bout forty-five minutes after the court recessed," defense counsel explained to Weaver the effect of a stet. Weaver instructed his counsel that he would not accept it. Counsel then communicated that fact to the prosecutor.

---

1. The date of April 13, 1981, appears on the docket as the date counsel entered his appearance, but the parties agreed at a hearing that the date actually was April 10, 1981. Whether it is the 10th or the 13th is immaterial to the disposition of the matter.

On the next working day, Monday, October 5, 1981, the State removed the two cases from the "stet docket."

Three days later, the assignment officer of the circuit court set the case for trial on December 7, 1981.

On the appointed date, counsel for Weaver and for the State appeared, but the Division of Correction did not produce Weaver. Consequently, the matter was postponed and set for February 4, 1982. Before that time, Weaver, pursuant to Md. Rule 746 and *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979), moved for dismissal of the two informations because they had not been called to trial within the prescribed time. The State opposed Weaver's motion. Rule 746a provides:

"Within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723 (Appearance — Provision for or Waiver of Counsel), a trial date shall be set which shall be not later than 180 days after the appearance or waiver of counsel or after the appearance of defendant before the court pursuant to Rule 723 (Appearance — Provision for or Waiver of Counsel)."

*Hicks* makes vividly clear that the provisions of Rule 746a are mandatory and binding upon the prosecution as well as the defense. Only upon a finding of "good cause" under Rule 746b may the 180 day limit be extended.

The State contends, in the matter *sub judice,* that when it entered the stets in open court, at the conclusion of the trial, without objection by the defendant, the 180 day time frame established by Rule 746a stopped. Thereafter, the State says, when it removed the two criminal informations from the stet docket and requested a trial date, Rule 746's built in clock began anew. In short, the State asserts that the 180 day period began to run on October 5, 1981, when it ordered the two cases taken from the stet docket and set for trial. This, the State argues, is true because the defendant did not object to the granting of the stets at the time the State entered them. We have a different view of the matter.

As we see it, the defendant-appellee interposed an objection to the entry of the stets as soon as he understood what the State had done and as soon as practicable. Before a stet is entered, the court should inquire of the defendant whether he has an objection thereto. The Rule is crystalline that a stet may not be entered over objection, but that provision would be meaningless if a defendant is not afforded an opportunity to object.

The State will not be permitted to enter a stet so as to toll the 180 day provision of Rule 746 and then restart the 180 day rule at a later date more convenient to the State. We think Weaver did all that could be expected of him under the circumstances. The State's failure to reset the cases within the original 180 days from April 10, 1981, is fatal under *Hicks,* and Judge Buchanan properly dismissed the charges.

Since the State was going to stet the two cases anyhow, we are perplexed as to why it has appealed dismissal of the charges, unless there is an element of prosecutorial vindictiveness in this matter. If so, we eschew it and suggest to the prosecution that courts are crowded enough, and an appeal brought for the purpose of satisfying prosecutorial whims is not needed.

*Judgments affirmed.*
*Costs to be paid by Baltimore County.*