656 A.2d 789

James Michael LaFAIVRE

v.

STATE of Maryland.

No. 93, Sept. Term, 1994.

Court of Appeals of Maryland.

April 13, 1995.

Nancy S. Forster, Asst. Public Defender, (Stephen E. Harris, Public Defender) both on brief, Baltimore, for appellant.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL, RAKER, and JOHN F. McAULIFFE, (Retired and Specially Assigned), JJ.

RODOWSKY, Judge.

This case involves some basics of criminal procedure. The petitioner was prosecuted in the District Court of Maryland on a multi-count charging document under which the petitioner was found guilty on one count, after the State had stetted another count and had entered nolle prosequis to still others. The issue is whether, on a de novo appeal, the State may prosecute in the circuit court as to all of the charges on that same charging document. We hold that because there was no new charging document in the circuit court, de novo trial of the nol prossed charges was improper. De novo trial of the stetted charge, however, was proper.

Pursuant to a seven-count statement of charges filed in the District Court in Howard County, petitioner, James Michael LaFaivre (LaFaivre), was accused of committing in November 1992 the following violations of Maryland Code (1957, 1992 Repl.Vol.), Article 27: (I) § 31B, breaking and entering a

storehouse, etc., of another; (II) § 490, rogue and vagabond; (III) § 349, unauthorized use; (IV) and (V) § 342, theft of property having a value over $300; and (VI) and (VII) § 342, theft of property having a value under $300.

LaFaivre, who was represented by counsel, unsuccessfully moved to suppress in the District Court, and trial there was then set for a date in April 1993. Prior to the commencement of trial, the State amended the unauthorized use count to charge LaFaivre with abandoning or refusing to return a rental vehicle in violation of Art. 27, § 206. This amendment was accepted by the defense. On motion of the State, and without objection, the court marked the rogue and vagabond charge "stet" on the docket. The State then said that "[i]t is our understanding we will be proceeding [on the rental vehicle charge] by way of a not guilty agreed statement of facts and the State will be nol prossing all of the remaining counts, Your Honor."

The court heard the agreed statement of facts, denied LaFaivre's motion for judgment of acquittal, and found the defendant guilty of refusing to return a rental vehicle. LaFaivre was sentenced to confinement for one year, with 208 days suspended and 157 days of time served credited, and he was ordered to pay a fine of $500 which was suspended and to make restitution in the amount of $874.50.

LaFaivre appealed to the Circuit Court for Howard County. When the case came on for hearing on the renewed motion to suppress, the State moved, in effect, to remove the rogue and vagabond charge from the stet docket, to reinstate the counts which had been nol prossed in the District Court, and to proceed to trial on all of the counts as set forth in the District Court charging document, as amended. Over objection by LaFaivre, the circuit court ruled that six of the original counts, i.e., the nol prossed charges and the stetted charge, were properly before the circuit court, as well as amended Count III. Subsequently, the court denied the motion to suppress.

In March 1994 a jury found LaFaivre guilty on all counts. His sentence effectively amounted to six years of confinement consecutive to any sentence that he was then serving, with credit of 157 days for time served.

LaFaivre petitioned for certiorari to this Court which was granted. His petition raises the single issue of whether the stetted and nol prossed charges could be heard in the circuit court on appeal from the judgment of conviction.

Appeals from convictions in the District Court are de novo proceedings. Md.Code (1974, 1989 Repl.Vol., 1994 Cum. Supp.), § 12–401(f) of the Courts and Judicial Proceedings Article (CJ). Basically a de novo appeal from a judgment of conviction in the District Court proceeds on the same charging document on which the judgment was entered in the District Court. Maryland Rule 7–112, concerning appeals heard de novo, states:

"(c) Procedure in Circuit Court.—

(1) The form and sufficiency of pleadings in an appeal to be heard de novo are governed by the rules applicable in the District Court. A charging document may be amended pursuant to Rule 4–204."

Further, Rule 4–201(c) states:

"In the circuit court, an offense may be tried

. . . .

(3) on a charging document filed in the District Court for an offense within its jurisdiction if the defendant is entitled to and demands a jury trial or appeals from the judgment of the District Court."

Where the District Court charging document contains multiple counts, this Court has held that the appeal from the judgment of conviction includes not only the counts on which sentence has been imposed, but also those counts that were merged by the District Court into counts on which sentence

was imposed.[1] *See Lewis v. State,* 289 Md. 1, 421 A.2d 974 (1980). In *Pinkett v. State,* 30 Md.App. 458, 352 A.2d 358, *cert. denied,* 278 Md. 730 (1976), the Court of Special Appeals stated that a de novo appeal "must be tried on the charging document on which the trial was had in the District Court." *Id.* at 468, 352 A.2d at 365. "If the trial in the circuit court is not upon the same charging document as was the trial in the District Court, the trial in the circuit court would be an original trial, not a trial anew, afresh, or again, so as to be a trial de novo." *Id.* at 469, 352 A.2d at 365. The court found

> "plain intent from the statute and rules that a trial de novo in a criminal case on appeal to the circuit court from a final judgment of the District Court shall proceed only on the same charging document which was the basis of the original trial."

*Id.* at 469, 352 A.2d at 366. We agree.

# I

The breaking and entering count and the four theft counts against LaFaivre were nol prossed in the District Court pursuant to Rule 4–247(a) which provides:

> "The State's Attorney may terminate a prosecution on a charge and dismiss the charge by entering a nolle prosequi on the record in open court."

In *Ward v. State,* 290 Md. 76, 427 A.2d 1008 (1981), we said that

> "while a nolle prosequi discharges the defendant on the charging document or count which was nolle prossed, and while it is a bar to any further prosecution under *that* charging document or count, a nolle prosequi is *not* an acquittal or pardon of the underlying offense and does not

---

1. Appeal will also lie if the imposition or execution of sentence is suspended and if sentence is imposed or suspended following a plea of nolo contendere or of guilty. CJ § 12–401(b)(2) and (f).

preclude a prosecution for the same offense under a different charging document or different count."

*Id.* at 84, 427 A.2d at 1012–13. We concluded:

"In sum, apart from circumstances governed by the prohibition against double jeopardy or other criminal law requirements, the normal effect of a nolle prosequi in this State, *whenever entered,* will be to preclude further prosecution on the charging document, or count ... which is nolle prossed. It will not normally prevent a prosecution for the same offense under another charging document or another count."

*Id.* at 101, 427 A.2d at 1022. *See also State v. Moulden,* 292 Md. 666, 441 A.2d 699 (1982).

In the instant case the State did not file a new charging document, but instead sought to proceed under the District Court statement of charges. Under the ordinary rule the prosecution under the District Court charging document was terminated as to Counts I, IV, V, VI, and VII when the State nol prossed those charges.

The State seeks to bring LaFaivre's prosecution within an exception to the rule requiring a new charging document to reinstate nol prossed charges. The exception lies where a nolle prosequi is part of a plea bargain that is breached by the accused. *Ward* describes the exception as follows:

"Not only does a nolle prosequi leave a defendant open for prosecution for the same offense under a different charging document or count, but there are limitations upon the principle that a nolle prosequi finally terminates a prosecution under a particular charging document. Thus, where the nolle prosequi as to one charge is induced by a guilty plea on another charge as part of an express or implicit plea arrangement, and the defendant thereafter successfully challenges the validity of the guilty plea and obtains a new trial, thereby rescinding the plea arrangement, the new trial ordinarily may, at the State's election, embrace the nolle prossed charge without the necessity of the State's obtaining a new charging document. This is true regardless of

whether the nolle prosequi was entered before or after the attachment of jeopardy at the first trial."

290 Md. at 84–85 n. 7, 427 A.2d at 1013 n. 7 (citing *Sweetwine v. State,* 288 Md. 199, 203, 421 A.2d 60, 62, *cert. denied,* 449 U.S. 1017, 101 S.Ct. 579, 66 L.Ed.2d 477 (1980); *Miller v. State,* 272 Md. 249, 256, 322 A.2d 527, 531 (1974)). *See also Mason v. State,* 302 Md. 434, 488 A.2d 955 (1985); *Moulden,* 292 Md. at 673–74 n. 6, 441 A.2d at 703 n. 6. Where the accused breaches a plea agreement, a court, at the option of the State, will consider the parties restored to their positions prior to the breach, and, in that way, the nol prossed charges may be revived.

Although there are indications in the record of the proceedings in the District Court that there was an agreement between the State and LaFaivre, the record directly reflects only the amendment to a less serious charge, the stet, the nolle prosequis, and proceeding on a not guilty agreed statement of facts. To attempt to infer from this record that LaFaivre agreed that there would be no appeal is simply to speculate. Indeed, that speculation is contradicted by the District Court judge's advice to LaFaivre concerning his right to appeal, as to which the State took no exception. Thus, the ordinary rule concerning the effect of a nolle prosequi applies here.

## II

The rogue and vagabond charge against LaFaivre was stetted at the commencement of the District Court trial pursuant to Rule 4–248(a) which provides:

"On motion of the State's Attorney, the court may indefinitely postpone trial of a charge by marking the charge 'stet' on the docket.... A charge may not be stetted over the objection of the defendant. A stetted charge may be rescheduled for trial at the request of either party within one year and thereafter only by order of court for good cause shown."

As early as *State v. Morgan,* 33 Md. 44 (1870), this Court distinguished a stet from a nolle prosequi by stating that "where a *stet* has been entered in a criminal case, it is not ordinarily a final determination or acquittal of the party accused; but he remains liable to be proceeded against *under the same indictment." Id.* at 46 (emphasis added).

The rule that, where charges have been stetted, the accused remains liable to be proceeded against under the same charging document is also recognized in *Moulden,* 292 Md. 666, 441 A.2d 699; *State v. Weaver,* 52 Md.App. 728, 451 A.2d 1259 (1982); *State v. Jones,* 18 Md.App. 11, 305 A.2d 177 (1973); *Smith v. State,* 16 Md.App. 317, 295 A.2d 802 (1972), *cert. denied,* 267 Md. 744 (1973); *Regle v. State,* 9 Md.App. 346, 264 A.2d 119 (1970). *See also* L. Hochheimer, *The Law of Crimes and Criminal Procedure* § 153 (2d ed. 1904). Because La-Faivre's de novo appeal proceeded on the same charging document on which proceedings in the District Court were based, the rogue and vagabond charge could be, and was, reactivated in the circuit court.

This appeal does not present the issue of whether, as the result of a plea bargain, the State has bound itself not to revive a charge that is marked on the docket as "stet." LaFaivre's position, unlike that of the State on the nol prossed charges, is that "[t]he facts in Petitioner's case do not support the conclusion that the State's decision to nolle pros and stet the remaining charges and Petitioner's decision to proceed on a not guilty statement of facts were part of a plea agreement." Petitioner's Brief at 10.

Thus, the rogue and vagabond charge, in addition to the rental vehicle charge on which the judgment of conviction had been entered in the District Court, were both properly submitted to the jury in the circuit court. The judgments of conviction entered on the guilty verdicts on those two charges will be affirmed.

*JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY AFFIRMED AS TO COUNT II (ROGUE AND VAGABOND) AND COUNT III (REFUSAL TO RETURN*

*RENTAL VEHICLE). JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY REVERSED AS TO COUNT I (BREAKING AND ENTERING A STORE-HOUSE, ETC.) AND COUNTS IV THROUGH VII (THEFT). COSTS TO BE PAID BY HOWARD COUNTY, MARYLAND.*